**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 5 | Lien Avoidance |

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                          Case No.:        17-20445

Philip Casillo                                  Judge:        _____

                    Debtor(s)

## Chapter 13 Plan and Motions

☐ Original              ☒ Modified/Notice Required          Date:   2-13-2019

☒ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___/s/ SM___     Initial Debtor: _____/s/ PC_____     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____450_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____June 1, 2018_____ for approximately _____24_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

    ☒    Future earnings

    ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

    ☐  Sale of real property
    Description:

    Proposed date for completion: _____

    ☐  Refinance of real property:
    Description:
    Proposed date for completion: _____

    ☒  Loan modification with respect to mortgage encumbering property:
    Description:
    Proposed date for completion:  September 30, 2019

d.  ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

Do not make payments on Ditech arrears claim.  Arrears will be resolved in the modification.  Debtor advised that the trial modification is forthcoming.

**Part 2:    Adequate Protection ☒ NONE**

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ TBD |
| DOMESTIC SUPPORT OBLIGATION | N/A | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c.  Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| US Dept. of HUD | Residence | N/S/POC Filed ast $27,311.88 | $204,000 | Ditech - $412,597.58 | 0 | 0 | 0 |
| Lake Comm. POA | Residence | $7,485.98 | $204,000 | Ditech - $412,597.58 | 0 | 0 | 0 |
| State of NJ | Residence | $1,452.16 | $204,000 | Ditech - $412,597.58 | 0 | 0 | 0 |
| State of NJ | Residence | $1,515.97 | $204,000 | Ditech - $412,597.58 | 0 | 0 | 0 |
| State of NJ | Residence | $3,106.92 | $204,000 | Ditech - $412,597.58 | 0 | 0 | 0 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

 The following secured claims are unaffected by the Plan:

 Ditech Financial

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases    ☐ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Ford Motor Credit Co. | None | Auto Lease | To be paid outside of the Plan directly by the debtor | $529/month |

## Part 7:    Motions    ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| State of NJ DJ 24670513 | Residence | Judgment | $1,452.16 | 0 | 0 | $412,597.58 | $1,492.16 |
| State of NJ DJ 25615412 | Residence | Judgment | $1,515.97 | 0 | 0 | $412,597.58 | $1,515.97 |
| State of NJ DJ 12207512 | Residence | Judgment | $3,106.92 | 0 | 0 | $412,597.58 | $3,106.92 |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| US Dept. of Housing & Urban Dev. | Residence | N/A | $204,000 | Ditech $412,597.58 | 0 | $27,311.88 |
| Lake Community Property Association | Residence | $7,485.98 | $204,000 | Ditech $412,597.58 | 0 | $7,485.98 |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Attorney's Fees/Priority Tax Claims _____

3) Allowed Unsecured Claims _____

4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

### Part 9:    Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 2-13-2019 _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To strip off a homeowner's association lien in favor of Lake Community Property Owners Association in the amount of $7,485.98 | 4(d)(1) amended to list Lake Community Property Owners Association as holding secured claim of $7,485.98 and add judgments from 7(a). 7(a) amended to list judgments avoided.  Moved from 7(b). 7(b) amended to reflect the avoidance of homeowner's association lien in favor of Lake Community Property Association. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☒  No

---

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 2-13-2019 _____          /s/ Philip Casillo _____
                                                   Debtor

Date: _____                    _____
                                                   Joint Debtor

Date: 2-13-2019 _____          /s/ Stephen McNally _____
                                                   Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-20445-RG
Philip Casillo                                                            Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin          Page 1 of 2          Date Rcvd: Feb 20, 2019
                             Form ID: pdf901       Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 22, 2019.
```
db              +Philip Casillo,    33 Lake Shore Drive East,    Highland Lakes, NJ 07422-1117
aty             +Andrea Visgilio-McGrath,    1211 Hamburg Tpke Ste 217,    Wayne, NJ 07470-5040
cr              +United States of America (U.S. Dept. of HUD),    U.S. Attorney's Office,    970 Broad Street,
                  Suite 700,   Newark, NJ 07102-2534
516839451       +Barclays Bank Delaware,    PO Box 8803,    Wilmington, DE 19899-8803
516839455        Deborah Gentile,    33 Lakeshore Drive E.,    Vernon, NJ 07462
516839456       +Ditech Financial LLC,    PO Box 44265,    Jacksonville, FL 32231-4265
516846572      ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
                 (address filed with court:  Ford Motor Credit Company LLC,    Dept. 55953,    PO Box 55000,
                  Detroit, MI.  48255-0953)
516839457       +Ford Motor Credit Co,    PO Box 6508,    Mesa, AZ 85216-6508
516867840        HCS Collections,    PO Box 308,    Waldwick, NJ  07463
516839459       +Hackensack Radiology Group, P.A.,    c/o Michael Harrison, Esq.,    3155 Route 10 East, Suite 214,
                  Denville, NJ 07834-3430
516839461       +Lake Community P.O.A.,    PO Box 627,    Highland Lakes, NJ 07422-0627
516839462       +NJSVS,    PO Box 1502,    Moorestown NJ 08057-9704
516839463       +NJSVS,    Surcharge Administration Office,    PO Box 136,    Trenton, NJ 08666-0136
516932879       +NJSVS Bankruptcy Unit,    PO Box 4850,    Trenton, NJ 08650-4850
516839464       +Oller & Luzzi, LLC,    35 Green Pond Road,    Rockaway, NJ 07866-2057
516839465       +Pluese, Becker & Saltzman, LLC,    20000 Horizon Way, Suite 900,    Mt. Laurel, NE 8054
516839466       +Remex, Inc.,    307 Wall St.,    Princeton, NJ 08540-1515
516839467       +Saraswati Dayal, MD, FACS, LLC,    PO Box 96,    Westwood, NJ 07675-0096
516839469       +Sidney Rabinowitz, M.D. P.A.,    c/o Andrea Visgilio-McGrath,    1211 Hamburg Tpke Ste 217,
                  Wayne NJ 07470-5040
517121656        Sidney Rabinowitz, MD,    Andrea Visgilio-McGrath, LLC,    1211 Hamburg Rpke Ste 217,
                  Wayne NJ 07470
517608885       +U.S. Department of Housing and Development,    451 7th Street,    Washington, DC 20410-0002
516870255       +US Dept of Housing and Urban Development,    451 7th St S.W.,    Washington, DC 20410-0002

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: usanj.njbankr@usdoj.gov Feb 21 2019 00:14:36     U.S. Attorney,    970 Broad St.,
                  Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 21 2019 00:14:34     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
516839453        E-mail/Text: ering@cbhv.com Feb 21 2019 00:14:28     CB of Hudson Valley,    155 N. Plank Road,
                  Newburgh, NY 12550-1748
516839452       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 21 2019 00:18:11     Capital One,
                  PO Box 30281,   Salt Lake City, UT 84130-0281
516839454       +E-mail/PDF: creditonebknotifications@resurgent.com Feb 21 2019 00:17:34     Credit One Bank,
                  PO Box 98873,   Las Vegas, NV 89193-8873
516922262        E-mail/Text: bankruptcy.bnc@ditech.com Feb 21 2019 00:13:59
                  Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                  Rapid City, South Dakota 57709-6154
516839458       +E-mail/Text: bankruptcy.bnc@ditech.com Feb 21 2019 00:13:59     Green Tree Servicing, LLC,
                  PO Box 6172,   Rapid City, SD 57709-6172
516839460       +E-mail/Text: info@payhcs.com Feb 21 2019 00:15:31     HCS Collections,    75 Franklin Turnpike,
                  Waldwick, NJ 07463-1831
517013259        E-mail/PDF: resurgentbknotifications@resurgent.com Feb 21 2019 00:18:27
                  LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                  Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517104204        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2019 00:28:54
                  Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
517104226        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 21 2019 00:16:47
                  Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                  Norfolk VA 23541
516955505       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Feb 21 2019 00:18:29     Verizon,
                  by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                            TOTAL: 12

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516839468      ##+Scipione, Berg & Associates, L.L.C.,    91 Clinton Road, Suite 2B,    Fairfield, NJ 07004-2913
                                                                                 TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Feb 20, 2019
                             Form ID: pdf901           Total Noticed: 34
```

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2019                                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2019 at the address(es) listed below:
              Eamonn  O'Hagan    on behalf of Creditor   United States of America (U.S. Dept. of HUD)
               eamonn.ohagan@usdoj.gov
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor   Ditech Financial LLC rsolarz@kmllawgroup.com
              Stephen B. McNally    on behalf of Debtor Philip  Casillo steve@mcnallylawllc.com,
               jennifer@mcnallylawllc.com;b.sr70072@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                              TOTAL: 5